### CALVIN COKER V. THE STATE.

No. 10043.   Delivered March 24, 1926.

**Desertion of Wife—Evidence of Extraneous Acts—Error.**

Where on a trial for wife desertion the state was permitted on cross-examination of appellant to prove that he had separated from his first wife and baby in 1919, such testimony was entirely foreign to any issue in the instant case, and should not have been admitted.   Being of such character that was calculated to injure the accused, the cause must be reversed

Appeal from the County Court at Law No. 1 of Tarrant County; tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction for wife desertion, penalty; penalty a fine of fifty dollars.

The opinion states the case.

*Harry Meyers* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is wife desertion; punishment fixed at fifty dollars.

The evidence, though controverted, is sufficient to support the verdict.

Upon his cross-examination, appellant was required to give testimony concerning his relations with his former wife. In connection therewith it was developed that he had separated from his first wife and baby in 1919. This testimony was received over the objection of the appellant, which we think, should have been sustained. It brought into the case a matter entirely foreign to its merits. It was wholly immaterial and calculated to injure the accused. The testimony is such that the issue might have been decided in his favor. Therefore, it cannot be said that the improper testimony would not have weight against him.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*